# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| Cheryl Estrada, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Allied Collection and Credit Bureau, Inc., | ) | **COMPLAINT WITH JURY TRIAL DEMAND** |
| | ) | |
| Defendant | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Cheryl Estrada, is a natural person who resides in Haralson County, Georgia.

2. Defendant, Allied Collection and Credit Bureau, Inc., is a corporation formed under the laws of the State of Georgia. Defendant may be served with process

1

via its registered agent, R. G. Gallogly, at 8600 Pendergrass Road, Hoschton, Georgia 30548-2300.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Newnan Division because the conduct complained of herein occurred in Haralson County, which is in the Newnan Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is a disabled woman with deteriorating health. She is unable to engage in competitive employment and receives disability insurance benefits through the Social Security Administration.

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of medical services and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a collection agency specializing in the collection of consumer debt.

10. Defendant markets itself as a "full-service collection agency" specializing in the collection of defaulted medical accounts. See, AlliedCollections.net/company.html.

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Plaintiff has fallen behind on a significant number of consumer debts, mostly medical expenses, over the last few years.

14. Over the last year, the Plaintiff has been contacted by a number of collection agencies including the Defendant.

15. In an effort to obtain additional information about the debt under collection, and otherwise gain control over her finances, the Plaintiff initiated a phone call to the Defendant on May 8th, 2020.

16. After verifying the Plaintiff's identity, the Defendant confirmed it was collecting a debt on behalf of Quantum Radiology for $82.46.

17. The Plaintiff advised the Defendant that she had applied for financial assistance from the service provider at the time of service and was assured that, as an indigent patient, she would not be held responsible for whatever amount was not covered by her insurance.

18. The Defendant responded by advising Plaintiff that it did not have specific information regarding the account, that its only function was the collection of that account and that the Plaintiff would have to contact Quantum Radiology.

19. The Plaintiff responded by asking if it was not possible for her to dispute the debt with the Defendant. The Defendant reiterated that she would have to call Quantum to lodge any dispute of the debt.

20. The Plaintiff then asked if there was any type of documentation or verification that Defendant could send her regarding this account. Defendant responded, again, that she would have to contact Quantum and repeated that Defendant's role was just to collect the money.

21. The Plaintiff asked what the ramifications were if she simply could not pay the account. The Defendant responded that it would be reported to her credit as an unpaid balance.

22. The Defendant advised and represented to the Plaintiff that the account was not currently being reported but that she only had until June 2020 to resolve the account before it would be reported to the credit bureaus.

23. For the next several weeks, the Plaintiff scrambled in an attempt to raise the amount in collection by the Defendant. It was critically important in her mind not to have this account reported to her credit file despite the fact that she disputed the debt in its entirety.

24. On or about August 7th, 2020, the Plaintiff obtained copies of her credit reports as published by TransUnion, Experian, and Equifax. In reviewing these reports she discovered that, contrary to its threats and representations, the Defendant did not report the derogatory tradeline to any of the major credit reporting bureaus.

25. Upon information and belief, the Defendant does not have authority or policy to report balances or delinquent accounts in amounts as small as that allegedly owed by the Plaintiff.

**INJURIES-IN-FACT**

26. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

27. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

28. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

29. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

30. Defendants acts and omissions caused particularized harm to the Plaintiff in that the false and misleading information provided by Defendant hindered the Plaintiff disputing the debt in collection. Moreover, its false representations caused the Plaintiff significant worry and anxiety.

31. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

32. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

   a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

   b.) Confusion related to the Plaintiff's ability and method for disputing the debt in collection;

   c.) Uncompensated time expended away from activities of daily living to confer with counsel regarding the Defendant's collection efforts; and,

   d.) Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim and that she had a very finite amount of time to avoid adverse credit reporting that would not, per the Defendant, reflect her dispute of the debt. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

33. Plaintiff incorporates by reference paragraphs 1 through 32 as though fully stated herein.

*Violations of 15 U.SC. § 1692e and its subparts*

34. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

35. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

36. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

37. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-

average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

38. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

39. The Defendant's representations and implications that the Plaintiff could not dispute the debt with and through the Defendant was objectively false and materially misleading and a violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

40. Defendant's representations and implications to the effect that the Plaintiff would face derogatory credit reporting as of June, 2020, was objectively false and materially misleading. Defendant's representations and implications were a violation of 15 U.S.C. §§ 1692e, 1692e(2)A and 1692e(10).

## **TRIAL BY JURY**

41. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

and

d.) Such other and further relief as may be just and proper.

Respectfully submitted this 8th day of April, 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
Matthew Landreau
Georgia Bar No: 301329
*mattlandreau@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*